**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| GN INVESTMENTS, LLC, ) | Case No: 19-04262-swd |
| ) | |
| Debtor. ) | Chapter 11 – Filed 10/08/19 |
| ) | |
| ) | Honorable Scott W. Dales |
| _____ ) | |

**MEMORANDUM IN SUPPORT OF THE CHAPTER 11
TRUSTEE'S MOTION TO (I) MISCELLANOUS PERSONAL PROPERTY
FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND
INTERESTS AND OUTSIDE THE ORDINARY COURSE OF BUSINESS
PURSUANT TO 11 U.S.C. § 363; (II) APPROVE TERMS AND CONDITIONS
OF AGREEMENT WITH RM SOTHEBY'S AND (III) GRANT RELATED RELIEF**

Kelly M. Hagan, not individually but solely as chapter 11 trustee in the above-captioned case (the "**Chapter 11 Trustee**"), respectfully submits this Memorandum in support of his verified Motion to: (I) sell the Collection free and clear of liens, claims, encumbrances and interests and outside the ordinary course of business pursuant to 11 U.S.C. § 363; (II) approve terms and conditions of agreement with RM Sotheby's; and (III) grant related relief. Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the motion filed in connection herewith (the "**Motion**").

**FACTS**

The factual basis for this Memorandum is set forth in the verified Motion and is incorporated as though fully set forth herein.

**DISCUSSION**

**Use or Sale of Property Outside the Ordinary Course**

In pertinent part, § 363(b) provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §363(b)(1). In determining whether to authorize the use, sale or lease of property of the estate

under this section, courts require the debtor to show that a sound business purpose justifies such actions. *See, e.g., In re Schipper,* 933 F.2d 513, 515 (7th Cir. 1991); *In re Channel One Communications*, 117 B.R. 493 (Bankr. E.D. Mo. 1990) (applying the sound business purpose test of *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983).

In evaluating whether a sound business purpose justifies the use, sale or lease of property under § 363(b), courts consider a variety of factors, which essentially represent a "business judgment test." *See* Collier on Bankruptcy ¶ 363.02 (15th rev. ed. 2008). In *In re Lionel Corp.*, the Court of Appeals for the Second Circuit listed several factors which a bankruptcy court may consider in its § 363(b) analysis. Specifically confronted with the sale of assets under § 363(b), the Second Circuit stated:

> In fashioning its findings, a bankruptcy judge must not blindly follow the hue and cry of the most vocal special interest groups; rather, he should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike. He might, for example, look to such relevant factors as the proportionate value of the asset to the estate as a whole, the amount of elapsed time since the filing, the likelihood that a plan of reorganization will be proposed and confirmed in the near future, the effect of the proposed disposition on future plans of reorganization, the proceeds to be obtained from the disposition vis-a-vis any appraisals of the property, which of the alternatives of use, sale or lease the proposal envisions, and most importantly perhaps, whether the asset is increasing or decreasing in value.

722 F.2d at 1071. In delineating these factors, the Second Circuit cautioned that "this list is not intended to be exclusive, but merely to provide guidance to the bankruptcy judge." *Id.*

Here, the Chapter 11 Trustee believes sound business justification exists to sell the Collection under terms described in the Motion. Recognizing the exceptional nature and high value of the Collection, it is imperative that the Collection be sold in a manner that will maximize its contribution to the value of the estate for the benefit of all constituencies. The Chapter 11

Trustee believes the value offered by employing RM Sotheby's to conduct the sale and auction process represents the method by which the bankruptcy estate can best realize the highest value for the Auction Items and Auction Lots for the benefit of the estates, their creditors, and other constituencies.

### Sale of Property Free and Clear of Liens

The Chapter 11 Trustee also seeks authority to sell the Collection free and clear of all liens, claims, interests, and encumbrances. Section 363 of the Bankruptcy Code provides that:

The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if--

>   (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>   (2) such entity consents;
>   (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>   (4) such interest is in bona fide dispute; or
>   (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). Any one of the five conditions provides authority to sell free and clear of liens. *In re Elliot*, 94 B.R. 343, 345 (E.D. Pa. 1988). To the extent a secured creditor or lienholder that receives notice of the sale and does not file an objection to the motion, that creditor should be deemed to have consented to the sale. *See, e.g., Veltman v. Whetzal*, 93 F.3d 517, 521 n.5 (8th Cir. 1996) (in a Chapter 7 case, stating that "some courts have found implied consent, however, when a party with an interest in the bankruptcy estate fails to object after receiving notice of the sale under subsection 363(f)(2)") (citing *In re Tabone, Inc.*, 175 B.R. 855, 858 (Bankr. D.N.J. 1994); *In re Elliot*, 94 B.R. 343, 345 (E.D. Pa. 1988); *In re Shary*, 152 B.R. 724, 725-26 (Bankr. N.D. Ohio 1993).

Here, KeyBank asserts liens in the Collection. The Chapter 11 Trustee is providing proper notice of this Motion to KeyBank, thereby giving it the opportunity to object to this transaction. Provided no creditors claiming an interest in the Collection object to this transaction, § 363(f)(2) will be satisfied.

Under § 363(f)(4), a sale free and clear of all interests, liens, claims and encumbrances is permissible if the interest of any entity is in bona fide dispute. The Bankruptcy Code does not define the phrase "bona fide dispute." The courts have, however, found that the inquiry for § 363(f)(4) is "whether there is an objective basis for either a factual or legal dispute as to the validity of debt" or the lien. *In re Gaylord Grain, L.L.C.*, 306 B.R. 624, 627 (8th Cir. B.A.P. 2004). "Clearly this standard does not require the court to resolve the underlying dispute, just to determine its existence." *Id*. at 627. Indeed, courts have dispensed with evidentiary hearings into such matters in § 363 sales, particularly in instances where such hearings would operate only to delay a sale of property and the price and process relative to the sale is designed to ensure that the value of the property is maximized. *See, e.g., In re Collins*, 180 B.R. 447, 452 n.7 (Bankr. E.D. Va. 1995). As such, the propriety of the lien does not need to be the subject of an immediate or concurrent adversary proceeding in order to determine whether a bona fide dispute exists. *In re Gaylord Grain, L.L.C.*, 306 B.R. at 628; *In re Collins*, 180 B.R. at 452 n.8; *In re Oneida Lake Dev., Inc.*, 114 B.R. 352, 357-58 (Bankr. N.D.N.Y. 1990); *In re Bedford Square Assocs.*, L.P., 247 B.R. 140, 145 (Bankr. E.D. Pa. 2000). A court does not "need to determine the probable outcome of the dispute, but merely whether one exists." *In re Octagon Roofing, L.P.*, 123 B.R. 583, 590 (Bankr. N.D. Ill. 1995).

The purpose of § 363(f)(4) is to allow the sale of property of the estate free and clear of disputed interests so the liquidation of the assets is not unnecessarily delayed while the disputes

are being litigated. *Moldo v. Clark (In re Clark)*, 266 B.R. 163, 171 (9th Cir. B.A.P. 2001). In *In re Gaylord Grain*, for example, the secured creditor filed a UCC-1 financing statement covering a vehicle instead of following the procedures set forth in state law for perfecting a lien against motor vehicles. *In re Gaylord Grain, L.L.C.*, 306 B.R. at 628. The Eighth Circuit Bankruptcy Appellate Panel concluded that a bona fide dispute as to the avoidance and validity of the lien interest existed for purposes of § 363(f)(4) and, accordingly, approved the proposed sale in a transaction free and clear. *Id.* at 630.

Legitimate disputes exist with respect to the liens and claims potentially asserted by KeyBank. The Debtor's schedules indicate that the liens of such entities are disputed. For the reasons set forth in the Complaint filed herein in Adversary Proceeding No. 19-80119, the Chapter 11 Trustee believes that there are legitimate grounds upon which to challenge the liens and claims in question and have them voided, disallowed, recharacterized and/or subordinated. These disputes are bona fide and concern the validity, extent, priority and voidability of liens and the allowance of the related claims. The foregoing makes it clear that the Collection may be transferred pursuant to § 363(f)(4).

The Chapter 11 Trustee has established several elements of § 363(f) and respectfully requests authorization to sell the Collection free and clear of all liens, claims, interests and encumbrances for the benefit of the estate and all of its constituents. Additionally, party asserting an interest in the Collection will be adequately protected by replacement liens on the proceeds of its alleged collateral. Accordingly, approval of the sale of the Collection free and clear of all interests, liens, claims and encumbrances is in the best interest of the bankruptcy estate and all of its constituents.

**Approval of Agreement**

The Chapter 11 Trustee, in his business judgment, has determined that it is necessary to employ RM Sotheby's as sales agent and auctioneer to maximize the value of the Collection and to sell the items comprising the Collection in the manner described in the Agreement. Once a Chapter 11 Trustee articulates a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision, the [Debtor] acted on an informed basis, in good faith, and in the honest belief that the action was in the best interests of the company." *In re Integrated Resources, Inc.* 147 B.R. 630, 656 (S.D.N.Y. *1992 (*quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)). Unless it can be established that the Chapter 11 Trustee's decision was one taken in bad faith or in gross abuse of his business judgment, the court should approve the Chapter 11 Trustee's determination. *See, e.g. In re Trans World Airlines, Inc.*, 261 B.R. 103 (Bankr. D. Del. 2001). Accordingly, the Chapter 11 Trustee seeks approval of the Single Vendor Auction Agreement by and between the Chapter 11 Trustee and RM Sotheby's in a form substantially similar to that attached to the Motion.

**CONCLUSION**

The Chapter 11 Trustee, through his undersigned counsel, moves the Court for an order to: (i) authorize the sale of the Debtor's Collection free and clear of liens, claims, encumbrances and interests and outside the ordinary course of business; (ii) approve terms and conditions of the Agreement with RM Sotheby's; and (iii) grant such other relief as the Court may deem just and equitable.

Dated:   December 12, 2019              Respectfully submitted,

**KELLY M. HAGAN, Chapter 11 Trustee**

*/s/ Kevin M. Smith*
Kevin M. Smith (P48976)
**BEADLE SMITH, PLC**
445 S. Livernois, Suite 305
Rochester Hills, MI 48307
Telephone: (248) 650-6094
Facsimile:   (248) 650-6095
ksmith@bbssplc.com